UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| APRIL BOREN, individually on behalf of herself, and all others similarly situated, | Case No. |
| Plaintiffs, | COLLECTIVE AND CLASS ACTION COMPLAINT |
| -against- | |
| SAFEWAY, INC., | |
| Defendant. | |

Plaintiff April Boren ("Plaintiff"), for herself and for any other similarly situated employees who have joined or may join this action, by her attorneys, Morgan & Morgan, P.A. and Shavitz Law Group, P.A., upon personal knowledge as to Plaintiff and upon information and belief as to other matters, alleges as follows:

1.    **INTRODUCTION**

1.    Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of herself and all other persons similarly situated who suffered damages, as a result of Defendant's violations of the FLSA.

2.    As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to pay Defendant's non-exempt hourly Department Managers who worked for Defendant in Washington, including Plaintiff and all other similarly situated employees, for all of their overtime hours worked, based upon their unlawful policies and practices.

3.    Plaintiff also brings Rule 23 class action claims on behalf of herself and Department Managers who worked for Defendant in the State of Washington in the three

**COLLECTIVE AND CLASS
ACTION COMPLAINT          -1-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

years prior to the filing of this action to the date of judgment in this action (the "Washington Class"), for violations of Washington state wage and hour laws.

4.      These Department Managers, including Plaintiff here, worked in various departments for Defendant, including but not limited to the bakery, deli, meat, produce, floral and grocery departments.

5.      While Defendant required Department Managers to work overtime hours, they did not pay them for all hours worked including but not limited to time spent working outside of Defendant's stores communicating with supervisors and co-workers about work matters.

6.      Accordingly, Defendant failed to record or compensate Plaintiff and Department Managers for all of their hours worked in willful violation of the FLSA and Washington state laws.

7.      Defendant also willfully failed to comply with the meal and rest break provisions of Washington state laws.  Plaintiff seeks class-wide relief and damages on behalf of the Washington Class.

## THE PARTIES

### *Plaintiff*

8.      Plaintiff April Boren is an adult individual over the age of 18 and a citizen and resident of Kent, Washington.

9.      Plaintiff worked for Defendant as a non-exempt, hourly-paid Department Manager from approximately August 2019 to April 2022 at one of Defendant's stores in Oregon and from April 2022 to July 2022 at one of Defendant's stores in Washington.

10.     Plaintiff typically worked 50 or more hours per week (sometimes more than 60 hours per week).

11.     Plaintiff was not paid for all time worked including, but not limited to overtime work including about 2 hours per week working outside of the store communicating with co-workers and supervisors about work matters.

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT**        **-2-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

12.     At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Washington state laws.

13.     Plaintiff's written consent to join form is being filed contemporaneously with this Complaint.

***Defendant***

14.     Defendant Safeway, Inc. ("Safeway") is a Delaware corporation with its principal place of business in Pleasanton, California.

15.     Defendant operates supermarkets in Washington.

16.     At all times relevant, Defendant was and still is a covered "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Washington state wage laws.

17.     Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA and Washington state wage laws.

18.     Defendant has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

19.     Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and  other similarly situated employees at all material times, including without limitation directly or  indirectly controlling the terms of employment of Plaintiff and other similarly situated  employees.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 201, *et seq*., and 28 U.S.C. § 1332(d).

21.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because a substantial portion of the acts/omissions giving rise to this case occurred within this District.

**COLLECTIVE AND CLASS
ACTION COMPLAINT          -3-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

23.    At all times material to this Complaint, the Defendant is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

24.    Defendant's annual gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

25.    There are more than 100 putative class members in the respective Washington Class.

26.    Plaintiff is a citizen of a different state than Defendant.

27.    There are members of the putative Washington Class who are citizens of different states than the Defendant.

28.    The amount in controversy exceeds $5,000,000.

**The FLSA Collective**

29.    The proposed FLSA Collective is defined as follows:

> All hourly Department Managers, who worked over 40 hours in any workweek, and work or worked in Defendant's stores throughout Washington on or after three years prior to the filing of this complaint to the date of judgment of this action.

**The Washington Class**

30.    The proposed Washington Class is defined as follows:

> All hourly Department Managers, who worked over 40 hours in any workweek, and work or worked in Defendant's stores in Washington on or after three years prior to the filing of this complaint to the date of judgment of this action.

## FACTS COMMON TO ALL CLAIMS

**Plaintiff's Off-the-Clock Work and Defendant's Off-The-Clock Violations**

31.    Plaintiff, the FLSA Collective, and the Washington Class worked as hourly Department Managers at Defendant's retail grocery stores.

32.    Throughout their employment, Department Managers who are members of the proposed FLSA Collective and Washington Class performed work off-the-clock

**COLLECTIVE AND CLASS
ACTION COMPLAINT        -4-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

outside of Defendant's stores without compensation which denied them compensation and overtime compensation.

33.    While outside of the Defendant's stores, Plaintiff and similarly situated employees (including the FLSA Collective and Washington Class) performed work off-the-clock communicating with co-workers and supervisors via telephone calls and text messages and/or chats about work-related matters including, but not limited to scheduling, staffing, operations, goods and supplies, and customers.

34.    Plaintiff estimates that she worked on average 3 to 5 unpaid hours or more per workweek.  In weeks in which Plaintiff worked more than 40 hours per week (which can be determined, in part, based upon Defendant's timekeeping records and schedules which show some of the time Plaintiff worked in Defendant's stores), Plaintiff estimates that she worked on average 3 to 5 unpaid overtime hours or more per workweek.

35.    Defendant willfully required that Plaintiff and similarly situated employees (who are members of the FLSA Collective and Washington Class) work off-the-clock to control labor costs and expenses, and for Defendant's own convenience.  Defendant has a *de facto* policy whereby it assigns work that cannot reasonably be accomplished in the hours allocated in the labor budget and discourages and/or penalizes Department Managers for recording overtime over a certain amount.  This *de facto* practice causes Department Managers to work unreported (and therefore unpaid) overtime.

36.    Defendant did/does not provide a method by which Plaintiff and the FLSA Collective and Washington Class could/can record and be paid for time suffered/permitted/required to be worked outside of the stores.

37.    Defendant is aware, and knew or should have known, that Plaintiff and the FLSA Collective and Washington Class worked unpaid time outside of the stores and during rest and meal breaks.

38.    Defendant is aware that Plaintiff and the FLSA Collective, Washington Class worked off-the-clock non-overtime and overtime hours.

**COLLECTIVE AND CLASS
ACTION COMPLAINT          -5-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

39.     Defendant also did not inquire into whether Plaintiff and the FLSA Collective and Washington Class worked unpaid time, despite having actual or constructive knowledge that Plaintiff and the FLSA Collective and Washington Class worked while not on the clock, including while outside of the store. Defendant's Store Managers and other high-ranking employees who are agents of Defendant communicated with Plaintiff and the FLSA Collective and Washington Class while they were outside of the stores and/or not on the clock being paid.

40.     Pursuant to Defendant's policies and procedures, Defendant failed to record all of the hours worked by Plaintiff and the other similarly situated Department Managers, thereby resulting in the failure to pay overtime wages in violation of the FLSA and Washington state laws.

41.     Defendant failed and continues to fail to pay Plaintiff and the other similarly situated Department Managers (including the FLSA Collective and Washington Class) all of their compensation and overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiff and the FLSA Collective and Washington Class to work off-the-clock hours, during which they performed their Department Managers' duties.

42.     Defendant maintains time records for their hourly Department Managers throughout the United States. However, those time records fail to accurately reflect all of the hours worked by Plaintiff and the similarly situated retail store employees, based upon Defendant's policies and procedures for requiring Plaintiff and similarly situated hourly Department Managers to work off-the-clock and not crediting all time worked.

43.     Defendant also failed to maintain a timekeeping system to track time worked outside of their stores despite their employees regularly working outside of the stores.

44.     Defendant suffered and permitted Plaintiff and the FLSA Collective and Washington Class to work while off-the-clock but did not pay them for these unrecorded hours in willful violation of the FLSA and Washington state laws.

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT**          **-6-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

45.     Defendant knew or should have known that Plaintiff and the FLSA Collective and Washington Class worked unpaid time because Defendant's managers and agents witnessed and permitted unpaid time worked by Plaintiff and the FLSA Collective and Washington Class outside Defendant's stores and inside the stores during rest and meal breaks.

46.     Defendant failed to ensure that Plaintiff and the Washington Class were provided with and actually took rest and meal breaks.

47.     Defendant failed to pay Plaintiff and the Washington Class for work performed during such time which should have been rest and meal breaks.

48.     Defendant failed to keep accurate records of hours worked by Plaintiff and members of the FLSA Collective and the Washington Class.

49.     Defendant's failure to pay Plaintiff and the FLSA Collective and Washington Class for all hours worked was due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of Defendant's operations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and the FLSA Collective.

51.     Defendant assigned and/or has been aware that Plaintiff and the FLSA Collective performed overtime work off-the-clock.

52.     As part of Defendant's regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

53.     This policy and pattern or practice includes, but is not limited to:

      a.     willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours they worked for Defendant in excess of 40 hours per workweek; and

      b.     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT**          **-7-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

Defendant.

54.     Defendant is aware or should have been aware that federal law requires it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

55.     Plaintiff and the FLSA Collective all perform or performed the similar duties of Department Managers at Defendant's retail stores throughout the country.

56.     Plaintiff and the FLSA Collective all were compensated on an hourly basis.

57.     Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

58.     Despite knowing that Plaintiff and the FLSA Collective performed and continue to perform work outside of Defendant's stores, Defendant failed to inquire and failed to investigate whether Plaintiff and the FLSA Collective were paid for all time worked.

59.     Defendant also failed to maintain a timekeeping system (i.e., a telephone application or other timekeeping system) that Plaintiff and the FLSA Collective could use to record all time worked outside of Defendant's stores.

60.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## WASHINGTON CLASS ACTION ALLEGATIONS

61.     Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure.

62.     The putative Washington Class is defined above.

63.     Excluded from the putative Washington Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from

**COLLECTIVE AND CLASS
ACTION COMPLAINT          -8-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

the putative Class.

64. Putative Washington Class Members identified above are so numerous that joinder of all members is impracticable.

65. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

66. Upon information and belief, the size of the putative Washington Class is at least 100 workers.

67. Defendant acted or refused to act on grounds generally applicable to the putative Washington Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the putative Class as a whole.

68. The Fifth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

69. There are questions of law and fact common to the putative Washington Class that predominate over any questions solely affecting individual members of the putative Washington Class, including but not limited to:

    a.    whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and putative Washington Class Members;

    b.    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.    whether Defendant failed to provide rest and meal breaks to and ensure rest and meal breaks were taken by Plaintiff and the Washington Class;

    d.    whether Defendant failed to pay for Plaintiff and the Washington Class for work performed during periods of time when rest and meal breaks should have been taken;

    e.    whether Defendant failed and/or refused to pay Plaintiff and putative Washington Class Members for all hours and overtime hours worked in violation of the Washington law; and

    f.    the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative Washington Class.

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT**            **-9-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

70.     Plaintiff's claims are typical of the claims of the putative Washington Class sought to be represented.

71.     Plaintiff and the putative Washington Class Members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay all wages due, including overtime wages for all hours worked in excess of 40 hours per workweek, failing to provide rest and meal breaks, failing to ensure that Plaintiff and the putative Washington Class Members took rest and meal breaks, failing to pay for time worked during periods when rest and meal breaks should have been taken, and failing to maintain and provide accurate wage statements.

72.     Defendant acted and/or refused to act on grounds generally applicable to Plaintiff and putative Washington Class Members, thereby making injunctive and/or declaratory relief with respect to the putative Washington Class appropriate.

73.     Plaintiff will fairly and adequately represent and protect the interests of the putative Washington Class.

74.     Plaintiff understands that, as a class representative, one assumes a fiduciary responsibility to the putative Washington Class to represent its interests fairly and adequately.

75.     Plaintiff recognizes that as a class representative, one must represent and consider the interests of the putative Washington Class just as one would represent and consider one's own interests.

76.     Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the putative Washington Class.

77.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the putative Washington Class.

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT**          **-10-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

78.     Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

79.     Plaintiff has retained Morgan & Morgan, P.A. and Shavitz Law Group, P.A., which are law firms who are competent and experienced in complex class action employment litigation.

80.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

81.     The members of the putative Washington Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the putative Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

82.      Class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## FIRST CAUSE OF ACTION
### FLSA– Unpaid Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

83.     Plaintiff incorporates by reference all preceding allegations.

84.     Plaintiff brings her FLSA claims for unpaid overtime wages throughout her employment at Defendant's stores within the United States.

**COLLECTIVE AND CLASS
ACTION COMPLAINT         -11-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

85. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint. *See supra.*

86. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

87. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

88. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* of the FLSA apply to Defendant.

89. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

90. At all times relevant, Plaintiff and the FLSA Collective are/were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

91. Defendant has failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

92. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

93. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

94. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

95. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT**          **-12-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

1
2

### SECOND CAUSE OF ACTION
**Washington Law – Failure to Pay Straight Time Wages**
**(Brought on Behalf of Plaintiff and the Washington Class)**

3          96.      Plaintiff incorporates by reference all allegations in Paragraphs 1 to 82,
4     above.

5          97.      At all times relevant, Plaintiff and the Washington Class were employees
6     and Defendant was their employer within the meaning of the Washington Minimum Wage
7     Act ("WMWA").  Rev. Code. Wash Ch. ("RCW") 49.46, *et seq*.; 49.46.010.

8          98.      Plaintiff and the Washington Class are covered by WMWA.   RCW
9     49.46.010.

10         99.      Defendant failed to keep, make, preserve, maintain, and furnish accurate
11    records of time worked by Plaintiff and the Washington Class.  RCW 49.46.070.

12         100.    Defendant failed to pay Plaintiff and the Washington Class the non-
13    overtime wages to which they are entitled under Washington Law including for time
14    worked during meal and rest breaks.  RCW 49.46.090.

15         101.    Defendant has a policy and/or practice of refusing to pay non-overtime
16    compensation for all hours worked to Plaintiff and the Washington Class.  Defendant failed
17    to inquire into whether it paid Plaintiff and the Washington Class for all time worked.

18         102.    Defendant lacked a good faith basis to believe its failure to pay Plaintiff and
19    the Washington Class the non-overtime wages complied with the Washington law.

20         103.    Due to Defendant's violations of Washington law, Plaintiff and the
21    Washington Class are entitled to recover from Defendant their unpaid wages, statutory and
22    other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment
23    interest.  RCW 49.46.090; RCW 49.48.030.

24
25
26
27
28

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT**          **-13-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRD CAUSE OF ACTION
#### Washington Law – Failure to Pay Overtime Wages
#### (Brought on Behalf of Plaintiff and the Washington Class)

104. Plaintiff incorporates by reference all allegations in Paragraphs 1 to 82, above.

105. At all times relevant, Plaintiff and the Washington Class were employees and Defendant was their employer within the meaning of the WMWA. RCW Ch. 49.46, *et seq*.; RCW 49.46.010; RCW 49.46.130.

106. Plaintiff and the Washington Class are covered by WMWA. RCW 49.46.010.

107. Defendant failed to keep, make, preserve, maintain and furnish accurate records of overtime worked by Plaintiff and the Washington Class. RCW 49.46.070.

108. Defendant failed to pay Plaintiff and the Washington Class the overtime wages to which they are entitled under Washington Law including overtime worked during meal and rest breaks. RCW 49.46.130.

109. Defendant has a policy and/or practice of refusing to pay overtime compensation for all hours worked to Plaintiff and the Washington Class. Defendant failed to inquire into whether it paid Plaintiff and the Washington Class for all overtime worked.

110. Defendant lacked a good faith basis to believe its failure to pay Plaintiff and the Washington Class for all overtime wages worked complied with the Washington law.

111. Due to Defendant's violations of Washington law, Plaintiff and the Washington Class are entitled to recover from Defendant their unpaid wages, statutory and other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. RCW 49.46.090; RCW 49.48.030.

**COLLECTIVE AND CLASS
ACTION COMPLAINT          -14-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

**FOURTH CAUSE OF ACTION**
**Washington Law – Rest Break Violations**
**(Brought on Behalf of Plaintiff and the Washington Class)**

112.    Plaintiff incorporates by reference all allegations in Paragraphs 1 to 82, above.

113.    Defendant violated WMWA, RCW 49.46, Wage Rebate Act ("WRA"), RCW 49.52, and Industrial Welfare Act ("IWA"), RCW 49.12 and WAC 296-126-092 by not complying with Washington's rest break laws for Plaintiff and the Washington Class.

114.    The WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092 apply to Plaintiff, the Washington Class, and Defendant.

115.    Plaintiff is a covered employee and Defendant is a covered employer under the WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092.

116.    Defendant failed to provide timely, full rest breaks to Plaintiff and the Washington class during shifts they worked 4 hours or more in violation of the IWA and the implementing regulations of the WMWA.

117.    Defendant failed to inquire into whether Plaintiff and the Washington Class received rest breaks.

118.    Defendant failed to ensure that Plaintiff and the Washington Class received rest breaks.

119.    Defendant failed to provide Plaintiff and the Washington Class a rest period free from work and exertion.

120.    Defendant failed to pay Plaintiff and the Washington Class for work performed during such time which should have been rest breaks.

121.    Defendant's refusal to provide timely, full, and meaningful rest periods violates the IWA and constitutes willful violations of Washington law and willful withholding of wages under the Wage Rebate Act, RCW 49.52.050 & .070.

122.    As a result of Defendant's acts and omissions, Plaintiff and the Washington

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT          -15-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

1    Class have been damaged in amounts as will be proven at trial, including damages,

2    exemplary damages, penalties, statutory and other damages, reasonable attorneys' fees,

3    costs, and pre-judgment and post-judgment interest.

4                          **FIFTH CAUSE OF ACTION**

5              **Washington Law – Washington Wage Recovery Act**
         **(Brought on Behalf of Plaintiff and the Washington Class)**

6          123.   Plaintiff incorporates by reference all allegations in Paragraphs 1 to 82,

7    above.

8          124.   Plaintiff and the Washington Class are covered employees under the Wage

9    Recovery Act.  RCW 49.52.

10         125.   Defendant is a covered employer under the Wage Recovery Act.  RCW

11   49.52.

12         126.   Defendant willfully failed to keep accurate records of the time that Plaintiff

13   and the Washington Class worked.

14         127.   Defendant willfully failed to ensure that Plaintiff and the Washington Class

15   took rest breaks as required by Washington law.

16         128.   Defendant willfully failed to pay Plaintiff and the Washington Class for all

17   time worked, all overtime worked, and for missed rest breaks and work performed during

18   such time which should have been rest breaks.

19         129.   As a result of Defendant's actions and willful violations, Plaintiff and the

20   Washington Class have been damaged in amounts as will be proven at trial, including

21   exemplary damages, statutory and other damages, penalties, reasonable attorneys' fees,

22   costs, and pre-judgment and post-judgment interest.

23                          **SIXTH CAUSE OF ACTION**

24              **Washington Law – Meal Break Violations**
         **(Brought on Behalf of Plaintiff and the Washington Class)**

25         130.   Plaintiff incorporates by reference all allegations in Paragraphs 1 to 82,

26   above.

27

28   **COLLECTIVE AND CLASS**               Morgan & Morgan
     **ACTION COMPLAINT**        **-16-**    506 2nd Ave Suite 1513
                                            Seattle, Washington 98104
                                            (561) 812-1547

131.     Defendant violated the WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092 by not complying with Washington's meal break laws for Plaintiff and the Washington Class.

132.     The WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092 apply to Plaintiff, the Washington Class, and Defendant.

133.     Plaintiff is a covered employee and Defendant is a covered employer under the WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092.

134.     Defendant failed to provide timely, full meal breaks to Plaintiff and the Washington class when they worked shifts of at least 5 hours in violation of the IWA and the implementing regulations of the WMWA.

135.     Defendant failed to inquire into whether Plaintiff and the Washington Class received meal breaks.

136.     Defendant failed to ensure that Plaintiff and the Washington Class received meal breaks.

137.     Defendant failed to provide Plaintiff and the Washington Class a meal period free from work and exertion.

138.     Defendant failed to pay Plaintiff and the Washington Class statutory and/or other wages and/or damages when they performed work during such time which should have been meal breaks.

139.     Even if Defendant paid Plaintiff and the Washington Class for time worked during a meal break, Defendant did/does not have a policy of compensating the Plaintiff and Washington Class for a deprivation of their right to have the respite of those meal periods in violation of Washington law including RCW 49.52.050 and .070.

140.     Defendant's refusal to provide timely, full meal periods and meaningful meal periods violates the IWA and constitutes willful violations of Washington law and willful withholding of wages under the Wage Rebate Act, RCW 49.52.050 & .070.

141.     As a result of Defendant's acts and omissions, Plaintiff and the Washington

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT**          **-17-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

Class have been damaged in amounts as will be proven at trial, including damages, exemplary damages, penalties, statutory and other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.    Certification of the Washington Class pursuant to Fed. R. Civ. P. 23;

C.    Appointment of Plaintiff as Class Representative and Plaintiff's counsel as class counsel with regard to of the Washington Class;

D.    Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.    Unpaid wages, overtime wages, penalties, exemplary damages, and statutory and other damages as provided for by Washington laws for the Plaintiff and the Washington Class;

F.    Pre-judgment interest and post-judgment interest as provided by law;

G.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

H.    Attorneys' fees and costs of the action; and

I.    Such other injunctive and equitable relief as this Court shall deem just and proper.

**COLLECTIVE AND CLASS
ACTION COMPLAINT**          **-18-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

Dated: January 29, 2025

Respectfully Submitted,

By:*/s/ Kristopher Bonham*
Kristopher Bonham, Esq.
WSBA Bar No.: 62520
Email: kbonham@forthepeople.com
**MORGAN & MORGAN, P.A.**
506 2nd Ave Suite 1513
Seattle, Washington 98104
&
1700 Palm Beach Lakes, Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 812-1547
Facsimile: (561) 812-1571


C. Ryan Morgan*
Kim De Arcangelis*
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
(407) 418-2069
rmorgan@forthepeople.com
KimD@forthepeople.com


Andrew R. Frisch*
Angeli Murthy*
**MORGAN AND MORGAN, P.A.**
8151 Peters Rd., Suite 4000
Plantation, FL 33324
(954) 318-0268
afrisch@forthepeople.com
amurthy@forthepeople.com


Gregg I. Shavitz*
Marilyn Linares*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Train, Suite 200
Boca Raton, Florida 33431
(561) 447-8888
gshavitz@shavitzlaw.com

**COLLECTIVE AND CLASS
ACTION COMPLAINT     -19-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

mlinares@shavitzlaw.com

Michael Palitz*
**SHAVITZ LAW GROUP, P.A.**
477 Madison Avenue, 6th Floor
New York, New York 10022
(800) 616-4000
mpalitz@shavitzlaw.com

***Attorneys for Plaintiff and the
proposed FLSA Collective and
Class***
*to apply for admission *pro hac vice*

**COLLECTIVE AND CLASS
ACTION COMPLAINT**       **-20-**

Morgan & Morgan
506 2nd Ave Suite 1513
Seattle, Washington 98104
(561) 812-1547