UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

APRIL BOREN,

Plaintiff,

v.

SAFEWAY, INC.,

Defendant.

CASE NO. C25-182 MJP

ORDER SETTING TRIAL DATE & RELATED DATES AND GRANTING STIPULATED MOTION

The Court issues this Order after reviewing the Joint Status Report (Dkt. No. 24) and the Stipulation Re: Conditional Certification Briefing Schedule (Dkt. No. 31). Having reviewed both filings, the Court GRANTS the Stipulation and ORDERS the following case schedule.

| **Case Event** | **Deadline** |
| --- | --- |
| JURY TRIAL DATE | October 19, 2026 at 9:00 AM |
| Deadline for joining additional parties | June 20, 2025 |
| Deadline for filing amended pleadings | July 7, 2025 |
| Plaintiff's Motion for Conditional Certification due by | July 17, 2025 |

| | |
|---|---|
| Defendant's Response to Plaintiff's Motion for Conditional Certification due by | August 18, 2025 |
| Plaintiff's Reply in support of Conditional Certification due by | September 2, 2025 |
| Reports from expert witness under FRCP 26(a)(2) due | March 23, 2026 |
| Plaintiff must file and note her Motion for Class Certification in compliance with Local Civil Rule (LCR) 7(d)(4) by | February 23, 2026 |
| All motions related to discovery must be filed and noted on the motion calendar in compliance with Local Civil Rule (LCR) 7(d) by | April 22, 2026 |
| Discovery completed by | May 22, 2026 |
| All dispositive motions must be filed by and noted on the motion calendar in compliance with LCR 7(d) by | June 22, 2026 |
| All motions in limine must be filed by and noted on the motion calendar in compliance with LCR 7(d)(5) by | September 14, 2026 |
| Agreed pretrial order due | October 6, 2026 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions due | October 6, 2026 |
| Pretrial Conference | October 14, 2026 at 1:30 PM |
| Length of Jury Trial | 10 days if tried on a class basis;<br><br>3 days if tried individually. |

These dates are set at the direction of the Court after reviewing the joint status report and discovery plan submitted by the parties. All other dates are specified in the Local Civil Rules (LCR). If any of the dates identified in this Order or the LCR fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court

will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify the Deputy Clerk, Grant Cogswell, in writing within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

**COOPERATION**

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below

**EXHIBITS**

The original and one copy of the trial exhibits are to be delivered to chambers four days before the trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next number series not used by plaintiff. Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it. Each set of exhibits shall be submitted in individual file folders with appropriately numbered tabs.

**SETTLEMENT**

Should this case settle, counsel shall notify Grant Cogswell as soon as possible at grant_cogswell@wawd.uscourts.gov. Pursuant to GR 3(b), an attorney who fails to give the

Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 16, 2025.

Marsha J. Pechman
United States Senior District Judge